UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER LAMAR O'NEAL,

    Plaintiff,

v.                                                        Case No. 3:20-cv-305-J-34JBT

COLUMBIA COUNTY DETENTION
CENTER,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Christopher O'Neal, a detainee at the Columbia Correctional Institution (Prison), initiated this action on March 23, 2020,[1] by filing a pro se motion for injunctive relief (Motion; Doc. 1). In the Motion, O'Neal asserts that Prison officials are forcing him and other inmates to be shackled and handcuffed during recreational period and attorney visits, while also being made to walk in a circle during recreational period. Motion at 1, 3. The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018), cert. denied, No. 18-17, 2018 WL 3241787 (Oct. 1, 2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). O'Neal has failed to carry his burden. See Shaarbay v. Palm Beach County Jail, 350 F. App'x 359, 362 (11th Cir. 2009) (citing Sandin v. Conner, 515 U.S. 472, 485-86 (1995)) ("Being handcuffed when out of his cell and having his access to resources monitored by the guards are also not a significant departure from general prison conditions."). Therefore, his Motion is due to be denied.

Moreover, O'Neal is advised that the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, O'Neal has neither filed a civil rights complaint on the form nor provided the Court with all of the information required on the form. Therefore, the Court will direct the Clerk of Court to send O'Neal the proper form for his use if he chooses to refile. The filing fee for a civil rights action is $400.00. O'Neal may file an Affidavit of Indigency if he does not have adequate funds to pay the full filing fee.

In light of the foregoing, this case will be dismissed without prejudice to O'Neal's right to properly initiate a civil rights case and address any allegedly unconstitutional actions on the part of Prison officials, if he elects to do so.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. O'Neal's Motion (Doc. 1) is **DENIED.**

2. This case is hereby **DISMISSED WITHOUT PREJUDICE** to O'Neal's right to refile on the proper forms.

3. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

4. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to O'Neal. If he elects to refile his claims, he may complete and submit the proper forms. O'Neal should not place this case number on the forms. The Clerk will assign a separate case number if O'Neal elects to refile his claims. In initiating such a case, O'Neal should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) **or** pay the proper filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of March, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Christopher Lamar O'Neal